# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Civil Action No. 2:23-cv-00485<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF REDSTONE LOGICS LLC'S COMPLAINT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), by and through its undersigned counsel, hereby answer the Complaint filed by Plaintiff Redstone Logics LLC ("Redstone") in Civil Action No. 2:23-cv-485 (Dkt. No. 1). Samsung denies each and every allegation of the Complaint to the extent such allegation is not expressly admitted in the following paragraphs.

## THE PARTIES

1.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.    Samsung admits that SEC is a corporation organized under the laws of South Korea. Samsung admits that SEC has a location at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Samsung denies the remaining allegations in Paragraph 2.

3. Samsung admits that SEA is a corporation organized under the laws of the State of New York. Samsung admits that SEA has a location at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that SEA has a location at 6625 Excellence Way, Plano, Texas 75023. Samsung admits that SEA is a wholly-owned subsidiary of SEC. Samsung admits that SEA distributes certain Samsung-branded consumer electronics products in the United States. Samsung denies any remaining allegations in Paragraph 3, and specifically denies that it has committed or is committing any act of patent infringement.

## JURISDICTION AND VENUE

4. Samsung states that the allegations in Paragraph 4 contain legal conclusions that require no answer. To the extent an answer is required, Samsung admits that the Complaint purports to make claims under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Samsung admits, for purposes of this action only, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Samsung denies any and all remaining allegations in Paragraph 4.

5. Samsung states that the allegations in Paragraph 5 contain legal conclusions that require no answer. To the extent an answer is required, Samsung does not contest that, for purposes of this action only, the Court has personal jurisdiction over Samsung. Samsung denies that it has committed or is committing any act of patent infringement. Samsung denies any and all remaining allegations in Paragraph 5.

6. Samsung states that the allegations in Paragraph 6 contain legal conclusions that require no answer. To the extent an answer is required, Samsung does not contest that, for purposes of this case only, venue over Samsung properly lies in this District, but Samsung denies that venue is convenient in this District. Samsung denies the remaining

allegations in Paragraph 6, and specifically denies that it has committed or is committing any act of patent infringement.

### COUNT ONE: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,549,339[1]

7. Samsung restates and incorporates by reference its answers to Paragraphs 1 through 6 as if fully set forth herein.

8. Samsung admits that, on its face, U.S. Patent No. 8,549,339 ("the '339 Patent") is titled "Processor core communication in multi-core processor" and states that it issued on October 1, 2013. Samsung admits that what purports to be a copy of the '339 Patent was attached to the Complaint as Exhibit 1. Samsung is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies them.

9. Samsung admits that it makes and sells Samsung Galaxy S23 smartphones. Samsung denies that any Samsung products infringe, literally and/or under the doctrine of equivalents, any claim of the '339 Patent. Samsung denies the remaining allegations of Paragraph 9.

10. Denied.

11. Denied.

12. Samsung admits that Exhibit 2 attached to the Complaint purports to be a claim chart relating to claim 1 of the '339 Patent and Accused Products. Samsung denies that the Accused Products charted in Exhibit 2 or any other Samsung products satisfy all claim limitations of one or more claims of the '339 Patent. Samsung denies the remaining allegations of Paragraph 12.

---

[1] To the extent that the headings in the Complaint can be construed as allegations, Samsung denies any and all allegations in the headings.

13. Denied.

14. Denied.

**COUNT TWO: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,253,925**

15. Samsung restates and incorporates by reference its answers to Paragraphs 1 through 14 as if fully set forth herein.

16. Samsung admits that, on its face, U.S. Patent No. 9,253,925 ("the '925 Patent") is titled "Panel for enhancing thermal conduction in an electronic assembly" and states that it issued on February 2, 2016. Samsung admits that what purports to be a copy of the '925 Patent was attached to the Complaint as Exhibit 3. Samsung is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies them.

17. Samsung admits that it makes and sells Samsung Galaxy S22 smartphones. Samsung denies that any Samsung products infringe, literally and/or under the doctrine of equivalents, any claim of the '925 Patent. Samsung denies the remaining allegations of Paragraph 17.

18. Denied.

19. Samsung admits that Exhibit 4 attached to the Complaint purports to be a claim chart relating to claim 3 of the '925 Patent and Accused Products. Samsung denies that the Accused Products charted in Exhibit 4 or any other Samsung products satisfy all claim limitations of one or more claims of the '925 Patent. Samsung denies the remaining allegations of Paragraph 19.

20. Denied.

21. Denied.

## DEMAND FOR JURY TRIAL

22. Redstone's demand for a trial by jury for any issues triable to a jury does not state any allegation to which Samsung is required to respond.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is necessary. To the extent a response is required, Samsung denies any allegations contained in the Prayer for Relief, and denies that Redstone is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden Samsung would not otherwise have, Samsung asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

Redstone's Complaint fails to allege plausible facts in support of any claim for relief and fails to state any claim upon which relief may be granted.

### SECOND DEFENSE
### (Invalidity)

The asserted claims of the '339 and '925 Patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
### (Non-infringement)

Samsung has not directly or indirectly infringed any valid claim of the '339 and '925 Patents, either literally or under the doctrine of equivalents.

### FOURTH DEFENSE
### (Limitation on Damages Under Section 286)

Redstone's claims for damages are barred to the extent Redstone seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

5

## FIFTH DEFENSE
### (Limitation on Damages Under Section 287)

Redstone's claims for damages prior to the date of notice to Samsung are barred to the extent Redstone has failed to comply with the requirements of 35 U.S.C. § 287.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

Redstone's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Redstone alleges infringement under the doctrine of equivalents.

## SEVENTH DEFENSE
### (Equitable Doctrines)

Redstone's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, acquiescence, and/or unclean hands.

## EIGHTH DEFENSE
### (License and Exhaustion)

Redstone's claims are barred to the extent that Redstone has licensed or authorized, either expressly or impliedly, the alleged infringement, or has otherwise exhausted its rights and remedies as to the alleged infringement.

## NINTH DEFENSE
### (Lack of Standing)

Redstone's claims fail to the extent it lacks standing to assert the '339 and/or '925 Patents.

## TENTH DEFENSE
### (Extraterritoriality)

Redstone's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside of the United States.

**ELEVENTH DEFENSE**
**(No Basis for Injunctive Relief)**

Redstone cannot show that it is entitled to injunctive relief.

**RESERVATION OF RIGHTS TO ASSERT**
**ADDITIONAL DEFENSES**

Samsung has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action.  Samsung reserves the right to amend or seek to amend its answer or affirmative defenses.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") counterclaim against Redstone Logics LLC ("Redstone") and, in support thereof, allege the following:

**PARTIES**

23. Counterclaim-Plaintiff SEC is a business entity organized under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

24. Counterclaim-Plaintiff SEA is a corporation organized and existing under the laws of New York, with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

25. Upon information and belief, Counterclaim-Defendant Redstone is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

7

## JURISDICTION AND VENUE

26. Samsung asserts counterclaims seeking declaratory judgments of non-infringement and invalidity of U.S. Patents No. 8,549,339 (the "'339 Patent") and 9,253,925 (the "'925 Patent") (collectively, "the Asserted Patents"). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

27. Venue is proper in the Eastern District of Texas, although not the most convenient venue, under 28 U.S.C. §§ 1391 and 1400, as a result of Redstone having filed this action in this District. By filing its Complaint in this District, Redstone has consented to personal jurisdiction and venue.

## BACKGROUND

28. On October 17, 2023, Redstone filed suit against Samsung, claiming infringement of the Asserted Patents.

29. In its Complaint, Redstone alleges that it is the owner of both of the Asserted Patents. Complaint (Dkt. No. 1) ¶¶ 8 and 16.

30. An actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Redstone and Samsung concerning the infringement and validity of the Asserted Patents. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '339 Patent)**

31. Samsung incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

32. Samsung has not infringed and is not infringing, directly or indirectly, any claim of the '339 Patent.

33. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any claim of the '339 Patent.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement of the '925 Patent)**

34. Samsung incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

35. Samsung has not infringed and is not infringing, directly or indirectly, any claim of the '925 Patent.

36. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any claim of the '925 Patent.

## COUNT THREE

**(Declaratory Judgment of Invalidity of the '339 Patent)**

37. Samsung incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

38. The claims of the '339 Patent are invalid for failure to comply with one or more requirements of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

39. Samsung is entitled to a declaratory judgment that the claims of the '339 Patent are invalid.

## COUNT FOUR

**(Declaratory Judgment of Invalidity of the '925 Patent)**

40. Samsung incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

41. The claims of the '925 Patent are invalid for failure to comply with one or more requirements of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

      42.      Samsung is entitled to a declaratory judgment that the claims of the '925 Patent are invalid.

## DEMAND FOR JURY TRIAL

Samsung demands a jury trial on all issues that may be so tried.

## REQUEST FOR RELIEF

WHEREFORE, Samsung prays for the following judgment and relief:

      A.      That Redstone take nothing by reason of its Complaint, that Redstone's Complaint be dismissed in its entirety with prejudice, and that judgment be rendered in favor of Samsung and against Redstone;

      B.      A declaration that Samsung has not infringed and is not infringing the '339 Patent;

      C.      A declaration that Samsung has not infringed and is not infringing the '925 Patent;

      D.      A declaration that the claims of the '339 Patent are invalid;

      E.      A declaration that the claims of the '925 Patent are invalid;

      F.      A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Samsung of its attorneys' fees in this action;

      G.      An award to Samsung of its costs and expenses in this action; and

      H.      All other and further relief as the Court deems proper and just be granted.

|  |  |
|---|---|
| Dated:  February 8, 2024 | By: */s/ Melissa R. Smith*  |

                                           Melissa R. Smith
                                           GILLAM & SMITH LLP
                                           303 S. Washington Ave.
                                           Marshall, TX 75670
                                           (903) 934-8450
                                           melissa@gillamsmithlaw.com

                                           Richard L. Rainey
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street, NW
                                           Washington, DC 20001-4956
                                           (202) 662-6000
                                           rrainey@cov.com

                                           *Attorneys for Defendants Samsung Electronics*
                                           *Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

       I certify that counsel of record who are deemed to have consented to electronic service are being served today, February 8, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                */s/ Melissa R. Smith*
                                                Melissa R. Smith